## CIRCUIT COURT OF FAIRFAX COUNTY

Aetna Casualty & Surety Co.

v.

Julia Williams et al.

Case No. (Chancery) 109674

By JUDGE THOMAS A. FORTKORT

June 5, 1989

This matter is before the Court on the Motion of Defendants, Julia Williams and Peter Williams, for Summary Judgment, the opposition filed by Defendants, Charles Timothy Shates and Pamela S. Seger as administrators for the Estate of Juanita Walker Shates, and the opposition filed by Pamela S. Seger and Charles Timothy Shates as co-administrators of the Estate of Charles Dalton Shates. For the reasons set forth below, the motion of Defendants Williams is granted.

Charles D. Shates and Juanita W. Shates were the driver and only passenger in the Shates automobile which, after crossing the center line, hit, head on, a van in which Peter Williams and Julia Williams were riding. Mr. and Mrs. Shates were killed in the accident. Mr. Shates died instantly, Ms. Shates died slightly over an hour later. Mr. and Ms. Williams allegedly were injured in the accident.

The Shates automobile was insured to the extent of $100,000 from Mr. Shates's liability. Ms. Williams has obtained a $250,000 judgment against the Estate of

Charles D. Shates. The co-administrators of the Estate of Juanita W. Shates have filed a wrongful death action against the Estate of Charles D. Shates. Mr. Williams has filed a negligence action against the Estate of Charles D. Shates. Both of these actions are currently set for trial. Aetna Casualty and Surety Company has filed this interpleader action for determination of to whom the remaining proceeds of their insurance is to be paid. Ms. Williams subsequently filed this Motion for Summary Judgment.

The $250,000 judgment Julia Williams obtained in the Circuit Court of Fairfax remains partially unsatisfied at this time. She received from the Harleysville Mutual Insurance Company $150,000 on December 3, 1988, pursuant to an uninsured motorist provision. Ms. Williams's Motion for Summary Judgment asserts that as a matter of law, she is entitled to the $89,894.58 which was paid into this Court by Aetna pursuant to the present interpleader action. The basis of Ms. Williams's motion is that she is the first party and the only party at the present time to have reduced her claim to judgment. The other two actions while being filed and set for trial in this Court have yet to be reduced to judgment.

The memoranda submitted by Defendants, Charles Timothy Shates and Pamela S. Seger, as co-administrators for the Estate of Charles Dalton Shates and Juanita Walker Shates assert that the Defendant, Julia Williams, is not entitled to summary judgment. The opposition asserts that the 1950 Code of Virginia § 64.1-157, as amended, precludes the distribution of the proceeds which have been paid into the Court from being distributed to Ms. Williams. Virginia Code § 64.1-157 provides in pertinent part that:

> *Order in which debts decedent to be paid.--* When the assets of the decedent in the hands of his personal representative are not sufficient for the satisfaction of all demands against him, they should be paid in the following order to the payment of . . . .
> 8. All other claims.
> No preference shall be given to the payment of any claim over any other claim of the same

class, and a claim due and payable shall not be entitled to a preference over a claim not due.

Defendants, Shates and Seger, assert that the proceeds paid into this Court must be distributed on a pro rata basis under Va. Code § 64.1-157. Defendants, Shates and Seger, also argue that a court of equity must apply the maxim that equality is equity. These defendants have cited several cases from other jurisdictions in support of this proposition. These defendants also argue that the large source of underinsurance coverage available to Ms. Williams will allow her to ultimately receive all of the money due her under the judgment awarded.

Defendants, Shates and Seger, cite Va. Code Section 64.1-157 as their authority to require the Court to distribute the proceeds paid in by Aetna on a pro rata basis. This section requires the assets of the decedent in the hands of his personal representative to be paid in the order set forth by the statute. The funds now being held by the Court are the proceeds of the Aetna liability policy issued to Charles David Shates. If these funds are to be considered assets, they should be considered as assets of the Aetna Casualty and Surety Company, as they are to be used to satisfy the liability which Aetna is now exposed to pursuant to the insurance policy issued to Charles David Shates. The Court concludes that Va. Code Section 64.1-157 is not applicable to the resolution of the issues presently before it.

The filing of a bill of interpleader in a court of equity does not require that each claimant receive a pro rata share of the payments due under a liability policy. The purpose of an interpleader action is to protect the stakeholder from multiple claims, where the claims exceed the limits of the insurance policy and/or a controversy exists as to who is entitled to the proceeds. In the present action, only Julia Williams has obtained a final judgment.

In 1 Pomeroy's Equity Jurisprudence (4th Ed.) sect. 407, the maxim is set forth that:

Equality is equity; in other words, if the fund is not sufficient to discharge all claims upon it in full, or if the debtor is insolvent,

> equity will incline to regard all the demands
> as standing upon equal footing and will decree
> a pro rata distribution or payment.

A plain reading of this maxim requires the Court to conclude that it is inapplicable to the present proceeding in that all the claims set forth herein do not stand on equal footing. The claim of Julia Williams has been reduced to a final judgment, the two pending actions have been set for trial, but neither party has obtained a final judgment. The Court concludes that Julia Williams having obtained a final judgment against Charles David Shates is entitled to satisfy her judgment with the proceeds which Aetna has paid into this Court, pursuant to the interpleader action.

The Court grants summary judgment for Julia Williams in the amount of $89,614.58 plus interest that has accrued on the funds in deposit in this Court.

### August 18, 1989

This matter is before the Court on Defendant/Cross Plaintiff Julia Williams's ("Williams") motion for summary judgment against Plaintiff/Cross Defendant Harleysville Mutual Insurance Company ("Harleysville") and Harleysville's cross-motion for summary judgment against Williams.

This case arises from a multiple-party automobile accident. Williams received a jury verdict for $250,000 plus five percent interest commencing on June 1, 1988. Charles Shates, the other driver, was insured by an Aetna single limit policy providing $100,000 in coverage. Aetna paid $10,106 in settlement of property settlement claims and then filed this interpleader action with regard to the balance of its policy amount. Williams was granted a summary judgment against Aetna and received the balance of $89,614.58 plus the interest that had accrued while the court held the funds. Williams had previously received $150,000 from Harleysville pursuant to the underinsured motorist endorsement of her policy. Williams filed this cross-bill seeking the balance of her judgment from Harleysville as her underinsured motorist insurer. The parties then filed the cross-motions for summary judgment which are at issue here.

There are two issues before the Court. First, the parties are in dispute as to whether Harleysville is obligated to pay the unpaid principal of Williams's judgment. Williams argues that the extent of Harleysville's underinsured motorist coverage is determined by the amount Aetna had available for payment. Since Aetna had only $89,614.58 available for payment, Harleysville is responsible for the additional amount of the judgment. Harleysville contends that its liability is limited by the amount of Aetna's policy. Since Aetna's policy limit was $100,000, Harleysville is liable for $150,000, which amount has already been paid.

Although there are no Virginia Supreme Court cases that are dispositive of this issue, one case, *Tudor v. Allstate Insurance Co.*, 216 Va. 918 (1976), is instructive. In *Tudor*, the Supreme Court refused to extend the uninsured motorist coverage of Virginia Code § 38.1-381 (now Section 38.2-2206) to a vehicle which was fully insured under the statute, but only partly insured as to the claims presented. Notwithstanding the general policy of liberal construction of the uninsured motorist statute, the court held that it could not disregard "the plain import" of the words of the statute. Although the statute has been amended since *Tudor* to provide coverage for underinsured vehicles, *Tudor* is still authority for the principle of strict statutory interpretation. *See, e.g., Billings v. State Farm Mutual Automobile Insurance Company*, 680 F. Supp. 778 (E.D. Va. 1988).

After the 1982 amendments, the code defined "underinsured" in terms of "the total amount of bodily injury and property damage coverage *applicable* to the operation of the vehicle." (Emphasis added). Although no Virginia cases have interpreted the statute since its 1982 amendments, the federal court has interpreted it in a factual situation similar to this one. In *National Union Fire Insurance Company v. Johnson*, 709 F. Supp. 676 (E.D. Va. 1989), the court held that an injured party must obtain a judgment in excess of the other driver's policy limits in order for his own "underinsured" policy to apply.

The Court acknowledged that this interpretation might cause a person injured by a noninsured tortfeasor to have greater protection than if the tortfeasor had been insured. However, like the court in *Tudor, supra,*

the court held that "the existence of such a anomaly does not justify judicial expansion of express statutory language." Furthermore, the court in *National* reasoned that its interpretation was supported by the legislature's recognition of the need to amend the statute in 1988 to provide that "underinsured" refers to the amount of coverage "applicable . . . *and available for payment.*" (Emphasis added).

Although this Court is not bound by the federal court's decision, this Court finds the reasoning in *National* to be sound. This cause of action arose before the 1988 amendment, and therefore, the *National* rule applies. Harleysville has paid the full amount of the judgment in excess of Aetna's policy limits and is not liable for the remainder of the principal. Harleysville's motion for summary judgment as to the principal is granted.

The second issue is whether Williams is entitled to recover from Harleysville the pre-judgment interest awarded by the jury in its verdict. In the underlying interpleader action, Williams was granted summary judgment against Aetna with the accrued interest, but was not awarded pre-judgment interest. Williams now seeks to recover this from Harleysville. The Court finds that Harleysville is liable for this interest since it is an integral part of the judgment. Williams received a judgment for $250,000 plus interest. To rule that she is not entitled to the interest part of her judgment would nullify the jury verdict. While she may lose part of her principal because the legislature did not anticipate this type of situation, she cannot lose the interest that is statutorily allowed. Williams's motion for summary judgment as to the interest is granted.